UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN MAGEE                                      CIVIL ACTION

VS.                                              NO. 2:21-CV-00680

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Alvin Magee respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Alvin Magee**, of lawful age and a resident of Columbia, Mississippi, is a plan participant and beneficiary of an ERISA plan created by his employer, BJ Services, LLC and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America** ("LINA-"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group policy insuring the employees of BJ Services, LLC. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis. Plaintiff's condition also precludes him from performing alternative occupations on a fulltime basis.

8. Plaintiff suffers from severe back pain with radiculopathy, as well as debilitating coronary artery disease, depression, and diabetes.

9. Plaintiff is disabled under the terms of the disability policy issued by LINA.

10. LINA wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

11. In addition to wrongfully denying Plaintiff's disability benefits, Defendant also miscalculated the amount of Plaintiff's disability benefits, such that Defendant owes Plaintiff a larger monthly benefit both retroactively and prospectively.

12. Plaintiff appealed the denial, but LINA upheld its previous decision.

13. Plaintiff appealed Lina's method of calculating Plaintiff's benefits, but Defendant refused to change the amount of Plaintiff's benefits.

14. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

15. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

16. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

17. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

18. Defendant has wrongfully denied Plaintiff's disability benefits and wrongfully calculated Plaintiff's disability benefits.

19. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

20. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

21. The standard of review in this matter is de novo.

22. This policy was issued and delivered in Texas and therefore Texas's ban on discretionary clauses applies to this matter.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com